15 F.3d 1086
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Darlene JONES; Rodney Jones, Plaintiffs-Appellants,
v.
Todd RHEA; Kings County, et al., Defendants-Appellees.
 No. 92-16253.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 16, 1993.
Decided Jan. 5, 1994.
 
 Before: WALLACE, Chief Judge, GARTH* and WIGGINS, Circuit Judges.
 
 MEMORANDUM
 
 1
 Jones appeals from the district court's summary judgment in favor of Rhea and the City of Corcoran in her 42 U.S.C. Sec. 1983 action. She alleges Rhea made false statements in his affidavit supporting a search warrant. The district court had jurisdiction pursuant to 28 U.S.C. Sec. 1331. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 2
 We review a summary judgment independently. Judie v. Hamilton, 872 F.2d 919, 920 (9th Cir.1989). "Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." Id. Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A moving party may meet its burden by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. Id. at 325.
 
 
 3
 A section 1983 action alleging that an affidavit supporting a search warrant contains false statements requires the plaintiff to show that (1) false statements were made intentionally or with reckless disregard for the truth and that (2) probable cause does not exist once the false statements are excluded. Branch v. Tunnell, 937 F.2d 1382, 1387 (9th Cir.1991). Summary judgment requires a "substantial showing" of the requisite intent and establishing that "but for the dishonesty, the challenged action would not have occurred." Id. at 1388 (internal citation and quotation omitted). For summary judgment purposes, we assume without deciding that the challenged portions of the affidavit were false as alleged.
 
 
 4
 Jones first contends that the district court erred in holding that she failed to submit any admissible evidence to show that Rhea intentionally made false statements in his affidavit or acted with reckless disregard for their accuracy. She argues that the number of false statements contained in Rhea's affidavit supports an inference that Rhea acted with reckless disregard for the affidavit's accuracy.
 
 
 5
 The district court properly determined that no genuine issue of material fact exists regarding whether the allegedly false statements were made intentionally or with reckless disregard for their accuracy. While a sizable number of false statements may provide circumstantial evidence of reckless disregard or intentional falsehoods, the nature of the errors Jones alleges does not support that inference in this case. Jones primarily disputes the source of information, not its accuracy. She also challenges a number of relatively inconsequential points but not the material fact. For example, she disputes she carried a white shoulder bag while boarding an aircraft but does not contest that she boarded the plane. She also contests the accuracy of information Rhea obtained from third-parties, but Rhea reasonably relied on third-parties in gathering information for an investigation of this scope. Jones fails to provide any admissible evidence that Rhea made the allegedly false statements intentionally or with reckless disregard for their accuracy.
 
 
 6
 Jones also contends that the district court erred in holding that probable cause existed once the challenged portions of the affidavit were stricken. We consider the totality of the circumstances in determining whether probable cause exists. United States v. Gates, 462 U.S. 213, 238 (1983). We review for whether the magistrate had a "substantial basis" for concluding probable cause existed. United States v. Ocampo, 937 F.2d 485, 490 (9th Cir.1991).
 
 
 7
 We conclude that the district court properly held that probable cause existed after the allegedly false statements were excluded. The unchallenged evidence shows that Rodney Jones had previously been involved in marijuana smuggling, currently owned a twin-engine plane, paid various piloting expenses in cash, carried large amounts of cash on his person, and owned a small restaurant that generated $100,000 per quarter. The unchallenged evidence also shows that Rodney Jones's co-conspirators, who had been convicted on narcotics-related charges, had implicated him as a pilot who had flown loads of marijuana into the United States. The unchallenged evidence further shows that Rhea observed Darlene Jones at the Visalia Municipal Airport entering and exiting Rodney Jones's twin engine airplane. We conclude based on the totality of the circumstances and the unchallenged evidence available to Rhea when he filed the affidavit, there was a substantial basis for concluding there was probable cause to search Jones's residence and business.
 
 
 8
 Because we affirm on this ground, we need not address the other issues raised in this appeal.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Honorable Leonard I. Garth, United States Circuit Judge, Third Circuit Court of Appeals, sitting by designation